UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN DICKINSON,

     Plaintiff,

v.

                    CIVIL ACTION NO. 05-CV-74865

                    DISTRICT JUDGE PATRICK J. DUGGAN

                    MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF             FORMERLY ASSIGNED TO
SOCIAL SECURITY,            MAGISTRATE JUDGE WALLACE CAPEL, JR.,

     Defendant.

_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial  evidence on the record that claimant retained the residual functional capacity for a limited range of light work providing a sit-stand option.

\*   \*   \*

    Plaintiff filed an application for Social Security disability insurance benefits in December 2002, alleging that she had been disabled and unable to work since April 4, 2002, at age 45, due to severe back and neck pain.  Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA).  A requested <u>de</u> <u>novo</u> hearing was held on February 7, 2005, before Administrative Law Judge (ALJ) Regina Sobrino. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work  The Law Judge

limited the claimant to jobs that did not require prolonged walking or standing. The claimant was also unable to do any crawling, ladder climbing, reaching above shoulder level, forceful gripping, grasping, twisting, pinching or squeezing. Plaintiff was further precluded from jobs requiring the operation of foot or leg controls, or the rapid movement of the neck.  The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 48 years old at the time of the administrative hearing. She had been graduated from high school, and had been employed as a welder in the automotive industry (TR 61, 65, 207).  As a welder, she stood for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 25 pounds on a regular basis (TR 70). Claimant stopped working in April 2002, due to severe pain in her neck and back (TR 207, 214). Pain medications allegedly proved ineffective and made her sleepy (TR 212). Plaintiff testified that she remained disabled as a result of severe back and neck pain that prevented her from standing or walking for prolonged periods (TR 207-208). She estimated that she could stand for about 30 minutes, walk about 20 minutes and sit for perhaps 20 minutes before needing to change position (TR 207-208).  Plaintiff alleged that she had trouble gripping small objects due to a lack of strength in her hands and arms (TR 208). She also had problems bending at the waist and climbing stairs (TR 208-209).  Plaintiff spent her days at home preparing her own meals, performing light household chores, and visiting friends and relatives (TR 209-211).

2

A Vocational Expert, Judith Findora, classified Plaintiff's past work as light to medium, semiskilled activity, which did not impart any transferable skills (TR 218). The witness testified that there were no jobs for claimant to perform if her testimony were fully accepted[1] (TR 221-222). If the claimant were capable of light work, the witness testified that there were numerous security guard, cashier, file clerk, receptionist, assembly and telemarketing jobs that she could still perform with minimal vocational adjustment (TR 220). These unskilled jobs provided a sit-stand option, and did not require any ladder climbing, overhead reaching, crawling, forceful gripping, twisting or squeezing. The jobs would not expose her to vibrations or require the operation of foot or leg controls.  These jobs also did not require the frequent flexing, extension or rotation of the neck (TR 219).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was  impaired as a result of degenerative disc disease of the cervical and lumbar spines, carpal tunnel syndrome and right cubital tunnel syndrome, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's back and neck pain prevented her from working at jobs requiring prolonged sitting, standing or lifting.  Claimant was also unable to perform any ladder climbing, overhead reaching, crawling, forceful gripping, twisting or squeezing.  The ALJ further limited claimant to jobs that would not expose her to vibration or require the operation of foot or leg controls. She further precluded Plaintiff from jobs requiring the frequent flexing, extension or rotation of the neck. The Administrative Law Judge found that

---

[1]The witness opined that the claimant's alleged need to sit with her legs elevated to waist level would preclude all work activity (TR 221).

Plaintiff retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains she is disabled as a result of severe joint pain and hand weakness. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment

4

prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2006).

DISCUSSION AND ANALYSIS

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits.  Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985).  Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain.  Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003  (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a limited range of light work providing a sit-stand option. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling neck,  back, arm and hand pain.

Claimant's treating neurologist, Dr. William Boike, reported in March 2003, that her back and leg pain had decreased substantially following successful surgery and epidural steroid injections.  The treating doctor added that Plaintiff was anxious to return to work

with appropriate restrictions. Dr. Boike authorized the claimant to return to work as long as she did not lift more than 20 pounds or do any overhead work (TR 161).

Plaintiff does not point to a single medical opinion that imposed functional limitations greater than those found by her treating neurologist. Instead, the claimant argues that her back condition was severe enough to meet section 1.04(A) of the Listing of Impairments (See Plaintiff's Motion for Summary Judgment at pp. 6-9 at Docket #10). While Plaintiff correctly notes the requirements of the Listing, she does not point to evidence showing that her condition satisfied all the requirements. She admits, for example, that an individual who meets the Listing must have atrophy and associated weakness, but she points to no evidence in the record that she suffers from these problems. A claimant will not be found disabled under a listing if there is a failure to satisfy any one of the criteria established for a particular impairment. King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984), 20 C.F.R. § 404.1525(d)(2006).

When evaluating Plaintiff's residual functional capacity, the Law Judge also took into consideration the opinion of a state agency physician[2], who concluded that the claimant could perform substantial gainful activity on a sustained basis (TR 152-159). Moreover, the types of unskilled jobs identified by the Vocational Expert accommodated all the restrictions listed by the state agency reviewer. These unskilled jobs provided a sit-stand option, and did not require any ladder climbing, forceful gripping or reaching above her shoulders (TR 153-155, 219).

---

[2]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2006).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule

7

72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: January 17, 2007____

---

**CERTIFICATE OF SERVICE**

I hereby certify on January 17, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 17, 2007.  **None.**

s/Michael E. Lang_____
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217

**8**